In re Alberto DUQUE RODRIGUEZ and Domino Investments, Ltd., Debtors.

John Paul MURPHY, as Trustee for Domino, Plaintiff,

v.

CAPITAL BANK, Defendant.

Bankruptcy No. 83–00903–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Aug. 28, 1987.

See also, Bkrtcy., 77 B.R. 942.

Blackwell, Walker, Fascell & Hoehl, Jeffrey Lathe, Miami, Fla., for plaintiff.

Stroock & Stroock & Lavan, John H. Genovese, Miami, Fla., for defendant.

## MEMORANDUM DECISION

### THOMAS C. BRITTON, Chief Judge.

The trustee for Domino Investments, Ltd., an offshore corporation, seeks avoidance and recovery under 11 U.S.C. §§ 548(a)(2) and 550(a)(1) of $176,410 transferred to defendant in a series of payments during the year before Domino's bankruptcy. Defendant has answered and the matter was tried June 11.

This is one of 26 similar actions against various defendants filed simultaneously by this trustee. By stipulation between the parties, the issue of insolvency on the transfer date was tried separately as to all the actions. By a separate Memorandum Decision dated June 26, 75 B.R. 829 (Bankr. S.D.Fla.1987), I have found that Domino was insolvent on the date of this transfer. (C.P. No. 17). I now conclude that the trustee has also proved the remaining elements required of him and that defendant's affirmative defenses are without merit.

The pertinent events are completely undisputed. The inferences and conclusions to be drawn from those events are the battleground here.

Plaintiff must prove (1) a transfer of an interest of the debtor in property, (2) within a year before bankruptcy, (3) for which the debtor received less than a reasonably equivalent value, and (4) that the debtor was insolvent on the date of transfer.

Defendant has disputed only the third element in this trial. The payments in question here were applied by defendant to interest charges on two loans made by defendant to Alberto Duque. The first, made in October 1981, was for $500,000. The second, made in August 1982, was for $1 million. Domino was not obligated either as the borrower or the guarantor of either loan.

Duque owned all the stock of Domino which was organized initially to hold all the stock of General Coffee Corporation (which later became Chase & Sanborn) to avoid the problems of Duque, a resident alien, owning property in this country.

Defendant argues that it furnished reasonably equivalent value in two ways. First, the $499,250 (the loan proceeds of the $500,000 loan) was disbursed on October 29, 1981 to Domino. Secondly:

> "Domino, General Coffee Corp., and Colombian Coffee Corp. were the alter egos of Alberto Duque." Amendment to Answer and Affirmative Defenses (C.P. No. 13).

and:

> "By virtue of Duque's borrowing relationship with Capital, Domino received reasonably equivalent value." Defendant's Post-Trial Memorandum, page 12.

### Alter Ego

In order to pierce the corporate veil and disregard the separate identity of a corporation and its stockholder or other related corporations, it is not enough to show an interrelationship of ownership and control. One must also prove improper conduct. As stated in *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1121 (Fla.1984):

> "We conclude that the district court decision directly and expressly conflicts with decisions of this Court which hold that the corporate veil may not be pierced absent a showing of improper conduct. We decline to recede from these cases."

It must be shown that the corporation was formed or used to mislead or defraud creditors or that it engaged in some illegal action. There is no evidence before me in this record that would support such a finding in this adversary proceeding.

### Indirect Benefit

■ It is clear that although a diversion of corporate assets for the benefit of a third person, such as the payment of the loan of another, is a transfer without "fair consideration", *Mayo v. Pioneer Bank & Trust Co.*, 270 F.2d 823, 829 (5th Cir.1959), *cert. denied*, 362 U.S. 962, 80 S.Ct. 878, 4 L.Ed.2d 877 (1960), an indirect benefit received by a corporation can constitute reasonably equivalent value for a corporate transfer. *Rubin v. Manufacturers Hanover Trust Co.*, 661 F.2d 979, 991 (2nd Cir. 1981).[1] However, as *Rubin* makes clear, the indirect benefit must be such that the corporation's net worth is unaffected by the corporate transfer.

> "If the consideration given to the third person has ultimately landed in the debtor's hands, or if the giving of the consideration to the third person otherwise confers an economic benefit upon the debtor, then the debtor's net worth has been preserved, and § 67d has been satisfied." *Rubin* at 991.

That is not the case here. Domino's payment of interest on the two debts owed by Duque to defendant did nothing except reduce Domino's net worth. The proceeds of the $500,000 loan it received nine months before its first payment of interest on that loan was an asset not offset by any corporate liability. These transfers were not applied to any debt of any other entity related to Domino.

I find that Domino received no value in exchange for its payments to the defendant. The trustee has proved his third element.

### Issue Preclusion

Defendant has pleaded res judicata, collateral estoppel, and judicial estoppel without any explanation of the predicate it claims to support these affirmative defenses. In argument it makes reference to *Nordberg v. Murphy (In re Chase & Sanborn)*, 55 B.R. 451 (Bkrtcy.S.D.Fla.1985). Defendant was not a party to that litigation. It could not have relied upon Murphy's position in that case when it received these transfers two years earlier. That litigation did not involve these transfers. If defendant has properly raised these affirmative defenses, it has not proved them here.

### Initial Transferee

Defendant has contended, finally, that it was not the "initial transferee" and, therefore, is not liable under § 550(a)(1) for the return of the fraudulent transfers. I disagree. Each check for each payment was made payable to defendant. The funds were credited to defendant. Defendant applied them to interest payments owed to it by Duque.

As is required by B.R. 9021(a) a separate judgment will be entered against defendant for $176,410. Costs may be taxed on motion.

---

**1.** These two cases were decided when § 67d of the former Act was in effect. The comparable phrase in the present statute does not suggest that a different rule would apply today under § 548.